IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, et al.,) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-00172-CG-N |
| ) | |
| TONYA NICKERSON, ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

This declaratory judgment action is before the Court on defendant's motion (doc. 25) to dismiss or for a stay.  The matter has been referred to the undersigned Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Upon consideration of the motion, plaintiff's response in opposition thereto (doc. 30), defendant's reply (doc. 31), and all other pertinent portions of the record, it is the recommendation of the undersigned that defendants' motion be **granted** and this declaratory judgment action related to insurance coverage be **dismissed**.

I. Background and Procedural History.

This action concerns a homeowner's insurance policy (#CPO-58504) underwritten by the plaintiff, Fidelity National Property and Casualty Insurance Company ("Fidelity")[1].  (Doc. 1 at ¶ 7).  Tonya Nickerson ("Nickerson") is the named insured on

---
[1] Nickerson applied for the insurance over the phone with Geico Insurance Company.  (Doc. 1 at ¶ 5).

the policy and the property covered is her residence in Pine Hill, Alabama, which was destroyed by fire on or about August 29, 2011. (*Id*. at ¶ 9). On December 13, 2011, Nickerson gave an examination under oath. (*Id*. at ¶ 14). Fidelity does not dispute Nickerson's contention that, during the investigation of her claims by the insurer and prior to any notice of a denial of any claim, Fidelity filed this declaratory judgment action on March 7, 2012. (Docs. 1; 25-2 at ¶ 28; 30 at 2-3).

Fidelity seeks a declaration that it owes no coverage for any of the damages to Nickerson's home caused by the fire on August 29, 2011, on the grounds, in sum, of alleged misrepresentations contained in an underwriting questionnaire completed pursuant to a telephone conversation with Nickerson in November of 2010 and in a subsequent document prepared on February 4, 2011, and misrepresentations during the claim process. (Doc. 1 at ¶¶ 5-8 and Exs "A" and "C"; ¶¶ 11-18). Fidelity also alleges that the fire at issue was intentionally set. (*Id*. at ¶ 23).

On May 21, 2012, Nickerson filed an action in the Circuit Court of Wilcox County, Alabama against Fidelity for breach of contract in failing to pay benefits under the policy, for bad faith refusal to pay benefits, and bad faith failure to investigate whether or not said benefits were due to be paid, as well as fraud on the part of Fidelity and Defendant GEICO Insurance Company, which acted as Fidelity's agent in taking Nickerson's application for the subject insurance. (Doc. 25-2, Exhibit 1). In addition, Nickerson asserts in the state court complaint claims for negligence, wantonness,

spoliation, and misrepresentation against Fidelity for conduct that occurred after the subject fire. (*Id.*).

On June 29, 2012, Fidelity removed Nickerson's state court action to this Court but filed its notice of removal in this declaratory judgment action, instead of a separate action as is the usual course. The removed action was subsequently severed and designated as *Tonya Nickerson v. Fidelity National Property And Casualty Insurance Company, et al.*, Civil Action No. 2:12-00428-CG-N (hereafter "the removed action"). On July 11, 2012, an Order was entered (doc. 17 in this case; doc. 6 in the removed action) setting a deadline of July 25, 2012 for the parties in both actions to object to their consolidation.  On July 19, 2012, Nickerson filed a motion to remand (doc. 19) in the removed action.  On July 20, 2012, she filed a motion to stay pending resolution of the motion to remand and an objection to consolidation (doc. 20 in the removed action).  The motion to stay was granted by endorsement on July 26, 2012 (doc. 22 in the removed case) and no consolidation has been made of the two cases.  On August 20, 2012, The Court granted (doc. 28 in the removed action) Nickerson's motion to remand because the defendant, Fidelity, "filed no response in opposition to said motion."  The removed action was then transferred back to the Circuit Court of Wilcox County and closed in this Court.

On September 14, 2012, Nickerson amended her state court complaint to add the coverage issues asserted by fidelity in this declaratory judgment action. (*See* Doc. 30 at 2; Doc. 31 at 2-3).  On September 17, 2012, Nickerson filed the present motion to dismiss

3

or, in the alternative, for a stay (doc. 25). The motion is predicated on application of what has become known as the *Willton/Brillhart Doctrine*[2] to permit this Court to decline to entertain this declaratory judgment action on the merits because there is a pending state court proceeding which will fully resolve the controversy between the parties.  (Doc. 25-1 at 4-5, *citing, inter alia,* Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942); and Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).

Fidelity filed its response in opposition (doc. 30) on October 8, 2012, arguing, in sum, that Nickerson's state court action is due to be dismissed because she is guilty of impermissible "procedural fencing" based upon the fact that she "waited several months from the initial filing of her case to amend her state-court Complaint to assert additional claims against Fidelity in order to make coverage an issue in the state-court action." (Doc. 30 at 2-3).  Fidelity argues that "Nickerson has amended her Complaint just prior to the filing of this Motion to Dismiss asserting bad faith and breach of contract claims in an attempt to justify the complete dismissal of Fidelity's declaratory judgment action."

---

[2] It is in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942), that the Supreme Court made it abundantly clear that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no compulsion to exercise that jurisdiction . . . [because] [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.."  In Wilton v. Seven Falls Co., 515 U.S. 277, 279 (1995) the Supreme Court resolved a conflict among the Circuits and held that the Brillhart discretionary standard governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.

(*Id.* at 4). Fidelity further argues that "dismissal of this action on the basis of new claims asserted in Nickerson's Amended Complaint is inappropriate and inconsistent with the spirit of the *Wilton/Brillhart* abstention doctrine." (*Id.*)  Fidelity thus requests that the Court to stay, rather than dismiss, this action pending resolution of Nickerson's state court action. (*Id.*)

Nickerson filed a reply (doc. 31) on October 15, 2012, and therein established that her delay in filing an Amended Complaint in the state court was the result of Fidelity's wrongful removal of that action on June 29, 2012.[3]  Nickerson's motion to dismiss this declaratory judgment action has, therefore, been fully briefed and is now ripe for the Court's consideration.

II.     Law.

The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Tudor Ins. Co. v. Smith, 2012 WL 4344535 (N.D. Ala. Sept. 18, 2012), *quoting* Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  District courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 Fed.Appx. 813, 814 (11th Cir. Oct. 10, 2008), *quoting* Wilton, 515 U.S. at 286.  Accordingly, a district court's stay or dismissal

---

[3] Nickerson's motion to remand the removed action was predicated on assertion that "Fidelity has neither alleged nor proved that the other properly joined and served non-resident defendants have consented to federal court jurisdiction . . . [and] has not argued that non-resident Defendants GEICO, Birgel, Rimkus, or GMAC have been fraudulently joined." (Doc. 19 in the removed action at 2 and 3).  Fidelity did not refute this assertion or otherwise respond to the motion to remand.

of a declaratory judgment action is reviewed for abuse of discretion.  (*Id*.)   Under this standard, a district court's ruling is not reversed unless it has "made a clear error of judgment, or has applied the wrong legal standard." *Id*., *citing* Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1332 (11th Cir. 2005).  The Eleventh Circuit has also declared that "the reviewing court, 'must be mindful that the district courts are closer to the facts and the parties, and that not everything that is important about a lawsuit comes through on the printed page'."  Great Lakes, 298 Fed.Appx. at 814, *citing* Ameritas, 411 F.3d at 1332.

In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942), the Supreme Court made it clear that "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 400, it [i]s under no compulsion to exercise that jurisdiction . . . [because] [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.."  In Wilton, 515 U.S. at 279, the Supreme Court resolved a conflict among the Circuits and held that the Brillhart discretionary standard governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings.

In Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit provided the following factors for consideration by district courts when balancing state and federal interests in concurrent litigations:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331.  See also Great Lakes, 298 Fed.Appx. at 815 (same).  Cf. Westchester Surplus Lines Ins. Co. v. Romar House Ass'n, Inc., 2008 WL 5412937 (S.D. Ala. Dec. 29, 2008)(Action "dismissed without prejudice pursuant to *Wilton/Brillhart* abstention, to enable the parties to litigate all issues pertaining to this dispute in the [subsequently filed] parallel lawsuit currently pending in Baldwin County Circuit Court.").  With this legal

framework in mind, the court now turns to the specific grounds advanced in defendants' motion to dismiss.

  III.  <u>Analysis</u>.

  Nickerson argues, in sum, that this Court should exercise its <u>Wilton/Brillhart</u> discretion by declining to exercise jurisdiction over this declaratory judgment action under the factors set forth in <u>Ameritas</u>. Nickerson further argues that dismissal, rather than a stay, is appropriate because:

> "(1) There is neither evidence nor suggestion that a time bar might thwart the plaintiff's attempt to bring a declaratory judgment action if the state case, for any reason, fails to resolve the matter in controversy; and (2) granting a stay might create incentives for forum shopping and piecemeal litigation, as the federal plaintiff might seek to derail litigation of the coverage claims in the state court action in hopes of litigating those matters in federal court following a lifting of the stay."

Doc. 25-1 at 10, *quoting* <u>Westchester</u>, 2008 WL 5412937 at *7 n. 8. *See also* <u>Allstate Indemnity Co. v. Ivey</u>, 653 F.Supp.2d 1215, 1217-18 (N.D. Ala. 2009)(Declaratory judgment action dismissed, rather than stayed, because the claims of all the parties in interest could not be satisfactorily adjudicated in the declaratory action inasmuch as certain parties were not amenable to process and could not be joined).

  Fidelity opposes Nickerson's motion, in sum, on the grounds that, regardless of the <u>Ameritas</u> factors which support abstention, Fidelity's case should be given precedence because it was filed prior to the state court action and, until three days before Nickerson filed this motion to dismiss when she amended her complaint in the state court action, "the two actions addressed entirely different issues of law." (Doc. 30 at 2).

Fidelity argues that Nickerson's motion should be denied, or at the very least this case should be stayed rather than dismissed, because she is guilty of "procedural fencing."

There is, however, the uncontested assertion that Fidelity filed this declaratory judgment action before it even advised Nickerson that it would not pay for the fire damage under the policy. There is also the uncontested assertion that Fidelity wrongfully removed Nickerson's state court action, which prevented her from filing her Amended Complaint until September 14, 2012, following its remand to the Circuit Court of Wilcox County pursuant to the order of this Court.[4] Fidelity does not contend that there exists any factual or legal issue which will not be amenable to adjudication in the state court action in its present posture. In fact, Fidelity actually acknowledges[5] that:

> The bulk of the Ameritas guideposts (including the state's interest in deciding the matter, the likelihood of friction between state and federal courts or encroachment on state proceedings, the importance of underlying facts, the relative posture of state and federal courts to decide those facts, and whether policy/legal considerations support the state or federal court deciding the matter) only favor abstention when both the state and federal courts are asked to decide the same legal or factual issues.

Doc. 30 at 2, *quoting* Atlantic Casualty Ins. Co. v. GMC Concrete Co., Inc., 2007 WL 4335499, *3 (S.D. Ala. Dec. 7, 2007). Unlike Atlantic Casualty, however, the Circuit Court of Wilcox County and this Court are now indeed being "asked to decide the same legal or factual issues." 2007 WL 4335499 at *3. Weighing the Ameritas factors, the

---

[4] *See* Tonya Nickerson v. Fidelity National Property And Casualty Insurance Company, et al., Civil Action No. 2:12-00428-CG-N.

[5] Although Fidelity comments on the Ameritas factors in general, it has undertaken no analysis of these factors as applied to Nickerson's Amended Complaint in the state court action.

undersigned finds that dismissal is warranted. In addition, Fidelity has proffered no compelling reason why this Court should merely stay this declaratory judgment action pending resolution of that state court action. Consequently, Nickerson's motion to dismiss is due to be granted and the motion to stay is due to be denied.

## CONCLUSION

For the reasons stated above, it is recommended that the defendants' motion to dismiss this declaratory judgment action (doc. 25) be **GRANTED,** the motion to stay be **DENIED,** and this declaratory judgment action be **DISMISSED** pursuant to *Wilton/Brillhart* abstention.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this  19th  day of November, 2012.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[6] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added). A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this  19th  day of November, 2012.

                                              /s/ Katherine P. Nelson
                                              UNITED STATES MAGISTRATE JUDGE

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition [.]" Fed. R. Civ. P. 72(b)(2).